UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEISHA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-019-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EASTERN KENTUCKY UNIVERSITY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Eastern Kentucky University's motion to dismiss portions of Plaintiff Keisha Williams' Complaint. [Record No. 9] Williams, who is proceeding *pro se*, failed to respond. Nevertheless, the Court has examined the motion and concludes that it has satisfied its burden of persuasion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, Williams' claims of discrimination based on color and gender/sex and any claims based on discrete conduct alleged to have occurred before July 15, 2022, will be dismissed.

I.

Plaintiff Keisha Williams filed a *pro se* Complaint against Defendant Eastern Kentucky University ("EKU") on January 23, 2024, alleging claims of employment discrimination arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Williams contends that the University failed to hire her, failed to promote her, retaliated against her, subjected her to unequal terms and conditions of employment, and terminated her employment based on her race, color, and gender/sex. [Record No. 1] Williams filed a charge with the

Equal Employment Opportunity Commission ("EEOC") regarding the defendant's alleged discriminatory conduct on May 11, 2023. She received a Notice of Right to Sue letter on October 25, 2023. [Record No. 1-1, p. 3] Williams' EEOC charge alleged:

> I was formerly employed by Respondent. Over the course of the last year and before I have been denied promotions, educational and training opportunities and resources to perform my job. During my employment, meetings were held in which racial slurs were used against me, and there were other positions that I applied for when using former colleagues as recommendations that I did not receive. On or about October 7, 2022, I was abruptly laid off. I believe I have been subjected to discrimination due to my race, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at p. 1.

EKU has moved to dismiss Williams' claims that are based on color and gender/sex-based discrimination because she failed to include these in her charge filed with the EEOC. It also seeks to dismiss any claims based on conduct alleged to have occurred prior to July 15, 2022, based on the applicable statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1).

**II.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if the complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require a showing that the defendant probably is liable, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Conclusory and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are not sufficient to withstand a motion to dismiss. *Id.*

Although *pro se* pleadings are liberally construed, *pro se* litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Stradford v. Cuyahoga Cnty.*, 2024 WL 22082, at *1 (N.D. Ohio Jan 2, 2024); *Akaazua v. Walker Novak Legal Grp.*, 2019 WL 2388096, at *1 (W.D. Mich. Mar. 6, 2019). In the Sixth Circuit, a plaintiff's failure to respond is not alone a reason to grant a motion to dismiss. *Goins v. St. Elizabeth Med. Ctr.*, 640 F. Supp. 3d 745, 750 (E.D. Ky. 2022). Instead, the Court must examine the movant's position to ensure that it has discharged its burden. *Id.* (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). However, a court may dismiss an action by granting an unopposed motion if the nonmoving party's conduct "rises to the level of failure to prosecute under Rule 41(b)." *Id.* (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

### III.

"Before a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a 'charge' with the EEOC." *Williams v. CSX Transp. Co.*, 643 F.3d 502, 507–08 (6th Cir. 2011) (citing 42 U.S.C. §§ 2000e–5(e), (f); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010)). Further, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1)); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Williams only asserted claims for discrimination due to race and retaliation in her EEOC charge. Accordingly, her claims based on color and sex/gender discrimination will be dismissed.[1]

---

[1] Race and color are distinct bases upon which discrimination is prohibited under Title VII. 42 U.S.C. § 2000e-2(a)(1). An individual seeking to exhaust administrative remedies regarding

- 3 -

EKU next argues that, to the extent Williams alleges that it engaged in race discrimination, her earliest actionable claims can be no earlier than July 15, 2022. A charge with the EEOC generally must be filed within 180 days of the occurrence of the alleged unlawful employment practice. That period is extended to 300 days in "deferral states" such as Kentucky, which have state or local laws prohibiting the unlawful employment practices alleged. *Gardner v. Risk Mgmt. Serv. Co.*, 2023 WL 3766508, at *3 (E.D. Ky. June 1, 2023).

EKU's concern arises from an attachment to Williams' Complaint which purports to be correspondence she sent the EEOC on October 1, 2023. [Record No. 1-1, p. 7] Therein, Williams appears to elaborate on her EEOC charge and describes events alleged to have occurred as early as 2018. *Id.* However, each discrete discriminatory act starts a new clock for filing charges alleging that act. *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003) (quoting *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). If Williams wished to pursue relief regarding these earlier allegations, she was required to file an EEOC charge within 300 days of their occurrence. Accordingly, any claims based on discrete incidents alleged to have occurred before July 15, 2022, are barred by statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1).[2]

Based on the foregoing analysis, it is hereby

---

both types of discrimination must present both claims in her EEOC charge. *See Nesmith v. Compassus*, 2018 WL 6841768, at *2 (6th Cir. Dec. 10, 2018).

[2]   These include Williams' claim for discrimination and retaliation involving Ben Mohler and Timothy Ford, which she alleges occurred in 2018; Williams' claim that she was not interviewed for the position of Director of Annual Giving and did not receive a pay raise in 2019; and Williams' alleged failure to receive interviews for the positions of Marking Professor Facilitator in 2021; Business Professor Facilitator in 2021; and Sr. Programmer Analyst in 2020.

- 5 -

**ORDERED** that Defendant Eastern Kentucky University's partial motion to dismiss [Record No. 9] is **GRANTED**.

Dated: March 18, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky