UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEISHA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-019-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EASTERN KENTUCKY UNIVERSITY, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Eastern Kentucky University ("EKU") has moved *in limine* to exclude certain evidence that *pro se* Plaintiff Keisha Williams seeks to introduce during trial. More specifically, it moves to exclude evidence pertaining to claims that were disposed of in the prior motions to dismiss and for summary judgment. Williams' response only challenged the exclusion of evidence and testimony from her mental health practitioner, Doctor Brittany Gentry. Because Williams did not contest the exclusion of any other evidence EKU identified, she has waived her ability to do so during the upcoming trial.[1]

After filing a notice of Williams' noncompliance, EKU tendered a motion *in limine* on February 4, 2025, despite not having Williams' pretrial filings as required by the Scheduling Order entered May 2, 2024. [Record Nos. 17, 59, and 61] In that motion, EKU reserved the

---

[1] While *pro se* pleadings are construed liberally, *pro se* litigants must nevertheless "follow the rules of civil procedure and easily-understood Court deadlines." *Stradford v. Cuyahoga Cnty.*, 2024 WL 22082, at \*1 (N.D. Ohio Jan 2, 2024); *see also Akaazua v. Walker Novak Legal Grp.*, 2019 WL 2388096, at \*1 (W.D. Mich. Mar. 6, 2019). Local Rule 7.1(c) allows twenty-one days to respond to a motion and states that "[f]ailure to timely respond to a motion may be grounds for granting the motion."

- 1 -

right to file additional motions *in limine* if Williams later provided those filings. [Record No. 61 at 1] Williams emailed her response to the undersigned's chambers in the evening on February 4, 2025. She then mailed a flash drive containing a file with her response to chambers.

However, with respect to *pro se* filings, Local Rule 5.3(c) provides that "[p]leadings, written motions, and other papers in pro se cases must be addressed to the *Clerk*." (Emphasis added). Additionally, as the Court noted in its February 5, 2025, order continuing the trial of this matter, chambers' email address is not intended for *ex parte* communications. [Record No. 62] Therefore, the proper way for a *pro se* litigant to file materials is to address the mailed document to the *Clerk*. (An exception exists if a litigant is directed by the Court to email it to chambers in a scheduling order or otherwise).

Having received Williams' response to the motion *in limine*, EKU tendered a reply despite her response not being filed in the record. [Record No. 63] It also submitted a supplemental motion *in limine* after receiving some communication from Williams regarding exhibits she intends to offer during trial. [Record No. 64] Notwithstanding Williams' failure to properly file her response, the undersigned will direct the clerk to file it in the record and will consider it in determining whether exclusion of the subject evidence is appropriate.

For evidence to pass the threshold inquiry, it must be relevant to the claims remaining to be tried before the jury. Here, the following claims did not survive at the motion to dismiss stage: discrimination and retaliation involving Ben Mohler and Doctor Timothy Forde; that the plaintiff was not interviewed for the position of Director of Annual Giving; that the plaintiff did not receive a pay raise in 2019, and plaintiff's failure to receive interviews for the positions of Marketing Professor Facilitator in 2021, Business Professor Facilitator in 2021, and Senior

Programmer Analyst in 2020. [Record No. 12 at 4, n.2] Likewise, the following claims failed at summary judgment: failure to hire for the Digital Engagement Officer position, failure to hire for the Associate Director of Advising & Career position, failure to promote to higher positions or projects, unequal terms of employment, retaliation, and hostile work environment. [Record No. 49 at 1] Thus, the single issue that remains for trial is Williams' wrongful termination claim.

Initially, on February 4, 2025, EKU moved to exclude any witnesses that Williams failed to timely disclose and those for whom she failed to provide a summary of anticipated testimony. [Record No. 61] EKU noted in its motion that the Court's Scheduling Order required Williams to provide a witness list with a summary of testimony, an exhibit list, and all trial exhibits pre-marked and numbered by January 28, 2025. *Id.* at 1–2. It argued that, because trial was then slated to commence in three weeks, its ability to prepare was impaired without this necessary information. *Id.* at 1–3. But later, on the evening of February 4, 2025, Williams provided EKU exhibit files with individuals' names mentioned therein. Since that time, EKU contends that Williams has not provided a summary of expected testimony, a list of trial exhibits, a pretrial memorandum, or proposed jury instructions. [Record No 64 at 1 n.2] The university maintains that Williams' partial and untimely pretrial filings should be excluded under Rules 26(a)(3)(A)(iii) and 37(c)(1) of the Federal Rules of Civil Procedure. [*See* Record Nos. 61 at 1 and 64 at 1 n.1.][2]

---

[2] Ultimately, a conflicting criminal trial necessitated that the trial in this matter be continued until September 23, 2025. [Record No. 62]

The motion *in limine* EKU tendered before receiving Williams' partial pretrial filings sought to exclude all witnesses that she failed to disclose, all witnesses for whom there is no summary of anticipated testimony, all exhibits she did not disclose; any expert testimony; Gentry as a witness; evidence regarding insurance coverage, financial disparity between the parties, and settlement discussions and negotiations between the parties; and anything related to punitive damages. [Record No. 61] In its supplemental motion, EKU challenges the introduction of the list of potential EKU donors; any evidence or testimony from Doctor Timothy Forde; Williams' personal statement attached to the Complaint and any testimony regarding the dismissed claims; Ben Mohler's separation from EKU form, the letter from Gentry; text messages between Williams and Melinda Murphy; documents from Williams' internal complaint against Mohler and Amy Foulkes; Williams' application for Associate Director of Career Services and the position's description; Williams' application for Digital Engagement Officer and the position's description and documentation. [Record No. 64]

As mentioned above, because Williams failed to respond to EKU's February 18, 2025, supplemental motion *in limine* within twenty-one days as required by Local Rule 7.1(c), she has waived her ability to challenge the exclusion of the contested evidence before trial. Likewise, because she elected to only challenge evidence and testimony from Gentry in her response to the initial motion *in limine*, she has waived her right to contest the exclusion of the other evidence identified in that motion. That said, the undersigned agrees that the uncontested evidence EKU moved to exclude should not be allowed during trial. Much of it pertains to claims that are no longer viable in this case or are otherwise likely to confuse the jury.

While the undersigned is sympathetic to the challenges EKU has faced working with a *pro se* plaintiff *and* the challenges Williams has faced navigating this matter in a *pro se*

capacity, it is not appropriate to exclude the untimely partial pretrial filings submitted by Williams, and it is too late for Williams to have Gentry testify. Despite providing contact information for numerous individuals who may have knowledge of the alleged incident in her initial disclosure, there is no mention of Gentry. [*See* Record No. 61-1.] As a result, EKU did not depose Gentry prior to the close of discovery nor did it pursue a rebuttal witness should she testify as an expert. [Record No. 63 at 2]

"Rule 26(a)(1) requires parties to disclose early in discovery persons likely to have discoverable information if the disclosing party may use that information or person to support its claim or defense." *Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x 974, 982 (6th Cir. 2017) (citing Fed. R. Civ. P. 26(a)(1)(A)(i)). "Rule 37 requires trial courts to punish parties that violate this provision in Rule 26 with exclusion of evidence or witnesses, unless the sanctioned party can show that the violation is *substantially justified* or *harmless*, or the trial court opts to impose an alternative sanction instead." *Id.* (emphasis added) (citing Fed. R. Civ. P. 37(c)(1); *R. C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010)).

Determining if a failure was "substantially justified" is an objective inquiry that asks if the non-producing party acted reasonably, meaning that reasonable minds could differ regarding the appropriateness of the contested action. *Phillips v. Tricam Indus., Inc.*, 2020 WL 1816468, at *4 (W.D. Mich. Feb. 20, 2020) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Harmlessness" is determined by five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Abrams*, 694 F. App'x at 982 (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)).

Here, Williams failed to include Gentry in her list of individuals who may have relevant knowledge regarding her claims.  While she did include a letter from Gentry in her initial disclosures, she failed to provide anything else.  Reasonable minds would not differ on whether omitting Gentry from the list of individuals but including the letter (without more) was a sufficient disclosure.  Further, Williams offers no reason or justification for excluding Gentry from the list, and it is her burden to show her failure was "substantially justified."  *See* Fed. R. Civ. P. 37(c)(1).

The "harmlessness" inquiry also fails.  Regarding surprise, not only did Williams not include Gentry's contact information in her initial disclosures, but she did not provide a summary of Gentry's anticipated testimony.  She does indicate that Gentry's testimony "will provide critical insight into the causation and severity of Plaintiff's distress" and "first-hand knowledge of Plaintiff's emotional health and mental health treatment" in her response.  But this is too little, too late.  EKU did not depose Gentry because her contact information was not listed in the initial disclosures and she was never disclosed as an expert witness.  Therefore, not only does the surprise factor weigh in its favor but so does the inability to cure the surprise as discovery has been closed since September 2024.  Additionally, because EKU lacks sufficient information regarding the subject of Gentry testimony, allowing her to be called as a witness *would* disrupt trial proceedings to the extent that EKU must fashion questions for cross examination in real time based on what would be revealed during direct examination.

While allowing Gentry to testify would help Williams in attempting to prove her emotional distress claim, such testimony is not the only means for her to do so.  EKU did not move to exclude any of her mental health records, and Williams may testify regarding her emotional distress.  Finally, Williams does not provide the Court with an explanation for

failing to disclose Gentry as a person with knowledge in her response. Because the reasonableness factors fall in EKU's favor, preventing Gentry from testifying is an appropriate sanction under the circumstances presented. Her inability to testify also means her letter must be excluded as it cannot be authenticated. *See* Rule 901 of the Federal Rules of Evidence.

Finally, the undersigned concludes that it is too harsh a sanction to exclude all Williams' partial pretrial filings that were tendered late. Trial will not commence until September 2025. Because she is proceeding *pro se*, the Court will allow limited time for her to cure her deficiencies. However, the remaining evidence EKU seeks to exclude will be excluded for two reasons: (1) Williams did not contest their exclusion and (2) the Court agrees they are either not relevant, prejudicial, or likely to confuse the issues for the jury.

Being sufficiently advised, it is hereby,

**ORDERED** as follows:

1. Defendant Eastern Kentucky University's Motion *in Limine* [Record No. 61] is **GRANTED** regarding any expert testimony sought to be offered by Plaintiff Williams; Doctor Brittany Gentry as a witness; other witnesses Williams failed to disclose in her initial disclosures and partial pretrial filings; all exhibits she did not disclose in her partial pretrial fillings; evidence regarding EKU's insurance coverage, financial disparity between the parties, and settlement discussions and negotiations between the parties; and anything related to punitive damages; however, the motion will be **DENIED** regarding all other witnesses for whom there is no summary of anticipated testimony.

2. Defendant Eastern Kentucky University's Supplemental Motion *in Limine* [Record No. 64] is **GRANTED** regarding the list of potential donors; any evidence or testimony from Doctor Timothy Forde; Plaintiff Williams' personal statement attached to the

Complaint and any testimony by her regarding the previously dismissed claims; Ben Mohler's separation from EKU form, the letter from Gentry; text messages between Plaintiff Williams and Melinda Murphy; documents from Plaintiff Williams' internal complaint against Mohler and Amy Foulkes; Plaintiff Williams' application for Associate Director of Career Services and the position's description; Plaintiff Williams' application for Digital Engagement Officer and the position's description and documentation.

3. Plaintiff Williams is directed to cure the deficiencies in her pretrial filings by **May 2, 2025**. An outline of those filings can be found in paragraphs 10, 11, 12, 14, and 15 of the Scheduling Order entered on May 2, 2024. [Record No. 17] Plaintiff Williams is further advised that the failure to timely and properly cure these deficiencies may result in the exclusion of additional evidence and/or other sanctions.

4. The clerk is directed to file the attached response to the motions *in limine* in the record of this proceeding.

Dated: April 2, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky